# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHN CUTOLA, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br><br>IC SYSTEM, and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff, JOHN CUTOLA, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant, IC SYSTEM ("IC"), and JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and one of the Plaintiffs resides in this jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person and a resident of the County of Hudson, State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      IC is a foreign corporation with its executive offices located at 444 Highway 96 East, PO Box 64378, St. Paul, MN 55164-0378.

8.      Upon information and belief, IC is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

9.      John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

10.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection

letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

11.    This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who were sent letters and/or notices from Defendants, concerning a debt owed to Sprint, which:

    a.    used a symbol on or visible through the window of the envelope that when read reveals the identity of the debt collector or the addressee's account number, or the dollar amount of the debt; and/or

    b.    the BALANCE DUE stated in the letter is different from the Current Balance state on its website; and/or

    c.    contained in the same communication providing the validation notice pursuant to 15 U.S.C. §1692g *et seq.*, the statement, "Telephone calls to or from our General Office may be monitored and recorded."

- The Class period begins one year to the filing of this Action.

12.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of

persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a. Whether the defendants violated various provisions of the FDCPA including but not limited to:

     15 U.S.C. §§1692e(2)(A), 1692e(10), 1692g(a)(1) and 1692f(1).

  b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

  c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**STATEMENT OF FACTS**

13.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14.    Sometime prior to August 30, 2014, Plaintiff allegedly incurred a financial obligation to Sprint. ("Sprint Obligation").

15.    The Sprint obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16.    The alleged Sprint obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17.    Sprint  is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18.    At some time prior to August 30, 2014, the Sprint obligation was placed with IC for the purpose of collection.

19.    At the time the Sprint obligation was placed with IC, the balance due was $631.60.

20.    On or about August 30, 2014, IC caused to be delivered to Plaintiff a letter addressed to Plaintiff.  **Exhibit A.**

21.    The August 30, 2014 letter was sent to Plaintiff in connection with the collection of the Sprint obligation.

22.    The August 30, 2014 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

23.    The August 30, 2014 letter was mailed in a window envelope.

24.    Through the envelope, there was a symbol commonly know as a QR Code, which when read with any personal digital assistant (PDA) (i.e. Apple IPhone, Research in Motion Blackberry; Samsung Galaxy Note, etc.), reveals:

    a.    The identity of the debt collector, IC;

    b.    The consumer's account number;

    c.    The consumer's name and address;

    d.    The amount of the alleged debt claimed due.

25.    Upon receipt, Plaintiff read the August 30, 2014 letter.

26. The August 30, 2014 letter stated the "Balance Due" as $845.72.

27. The August 30, 2014 letter also stated "Free online payment at: www.yourpayment.com". A copy of the text from the website is annexed hereto as **Exhibit B** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy).

28. Plaintiff logged onto the website: www.yourpayment.com using his purported account information with IC.

29. The website of www.yourpayment.com stated that for Plaintiff's account, the "Current Balance" is $631.60.

30. Plaintiff never made a payment to IC related to the Sprint obligation.

31. The August 30, 2014 letter provided a Toll-Free No.: 866-379-7846.

32. The August 30, 2014 letter provided a NOTICE stating in part: "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this is valid."

33. Directly below such NOTICE the letter states; Telephone calls to or from our General Office may be monitored and recorded."

34. A dispute of a debt, to be effective, in the Third Circuit, must be in writing. Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991) also see Caprio v. Healthcare Revenue Recovery, 709 F.3d 14(3rd Cir, 2013)

## POLICIES AND PRACTICES COMPLAINED OF

35. It is IC's policy and practice to send initial written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by inter alia:

(a)     Using false representations to state the amount of the debt;

(b)    Using false representations or deceptive means to collect or attempt to collect the debt;

(c)    Failing to properly state the amount of the debt;

(d)    Using unfair or unconscionable means to collect or attempt to collect any debt; and

(e)    Using language and/or symbols on envelopes mailed to consumers, that reveal information other than the debt collector's address.

36.    On information and belief, IC sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATION OF 15 U.S.C. §1692e *et seq.*

37.    Plaintiff repeats the allegations contained in paragraphs 1 through 36 as if the same were set forth at length.

38.    Collection letters and/or notices such as those sent by IC, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

39.    Section 1692e(2)(A) of the FDCPA makes it a violation for a debt collector to falsely represent: "...the...amount....of any debt."

40.    IC violated Section 1692e(2)(A) as the August 30, 2014 letter falsely represented the amount of debt given that it states a "Balance Due" of $845.72. *See* **Exhibit A**. However, the August 30, 2014 letter also states "Free online payment at: www.yourpayment.com". *See* **Exhibit B**.

41.    The website for www.yourpayment.com states that Plaintiff's "Current Balance" is $631.60." *See* **Exhibit B**.

42.     Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

43.     IC violated Section 1692e(10) as the August 30, 2014 letter falsely represented the amount of debt given that it states a "Balance Due" of $845.72. **Exhibit A**. However, the August 30, 2014 letter also states "Free online payment at: www.yourpayment.com". *See* **Exhibit B**.

44.     The website for www.yourpayment.com states that Plaintiff's "Current Balance" is $631.60." *See* **Exhibit B**.

45.     By reason thereof, Defendants are liable to Plaintiff for a declaratory judgment that Defendants' conduct violated Sections 1692e(2)(A) and 1692e(10) of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

### **COUNT II**

### **FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATION OF 15 U.S.C. §1692g *et seq.***

46.     Plaintiff repeats the allegations contained in paragraphs 1 through 45 as if the same were set forth at length.

47.     Section 1692g(a)(1) of the FDCPA requires the debt collector to give what is commonly referred to as a thirty-day (30) notice within five (5) days of its initial communication with the consumer and send the consumer a written notice containing:

\*\*\*

(1)     the amount of the debt

\*\*\*

(3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity

of the debt, or any portion thereof, the debt will be
assumed valid by the debt collector.

48.    IC violated Section 1692g(a)(1) as the August 30, 2014 letter failed to state the

amount of debt given that it states a "Balance Due" of $845.72. *See* **Exhibit A**. However, the

August 30, 2014 letter also states "Free online payment at: www.yourpayment.com". *See*

**Exhibit B**.

49.    The website for www.yourpayment.com states that Plaintiff's "Current Balance"

is $631.60." *See* **Exhibit B**.

50.    By reason thereof, Defendants are liable to Plaintiff for a declaratory judgment

that Defendants' conduct violated Sections 1692g(a)(1) of the FDCPA, actual damages, statutory

damages, costs and attorney's fees.

51.    IC violated Section 1692g(a)(3) as the August 30, 2014 letter states directly below

the required validation notice the statement, "Telephone calls to or from our General Office may

be monitored and recorded."

52.    The least sophisticated consumer upon reading the validation notice and the next

sentence, would be lead to believe that he could dispute the debt one of two ways: (1) Telephone

the General Office at IC using the toll free number provided in the letter; or (2) send a written

letter to IC.

53.    A dispute of a debt, to be effective, in the Third Circuit, must be in writing.

Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991) also see Caprio v. Healthcare Revenue

Recovery, 709 F.3d 14(3rd Cir, 2013).

54.    The least sophisticated consumer upon reading the August 31, 2014 letter will be

confused at to the methods required to effectively dispute the alleged debt.

55.     IC violated Section 1692g et seq. of the FDCPA by providing instructional language which is confusing and makes the least sophisticated consumer uncertain as to what he must do to effectively dispute the alleged debt.

### COUNT III

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692<br>VIOLATION OF 15 U.S.C. §1692f

56.   Plaintiff repeats the allegations contained in paragraphs 1 through 55 as if the same were set forth at length.

57.   Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

58.   IC violated 15 U.S.C. §1692f by:

   a.     using unfair and unconscionable collection practices in connection with the collection of a  debt;

   b.     using language and symbol on envelopes mailed to consumers that reveal information other than the debt collector's address, in violation of 15 U.S.C. §1692f(8).

59.   IC further violated 15 U.S.C. § 1692f when it attempted to include that interest may accrue in their August 30, 2014 letter when, in fact, interest accruing was not authorized by the agreement creating the alleged debt and/or is not permitted by law. *See* **Exhibit A**

60.   Moreover, interest was never going to accrue on the Sprint obligation given that the August 30, 2014 letter states that the "Balance Due" is $845.72 but the website of www.yourpayment.com indicates that the "Current Balance" for Plaintiff's Sprint obligation is $631.60, an amount *less* that that stated in the August 30, 2014 letter. **Exhibit A**; **Exhibit B**.

61. By reason thereof, Defendants are liable to Plaintiff for a declaratory judgment that Defendants' conduct violated Sections 1692f of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., and Benjamin J. Wolf, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: Fairfield, New Jersey
　　　　October 23, 2014

　　　　　　　　　　　　　　　　*s/ Joseph K. Jones*
　　　　　　　　　　　　　　　　Joseph K. Jones, Esq. (JJ5509)
　　　　　　　　　　　　　　　　Law Offices of Joseph K. Jones, LLC
　　　　　　　　　　　　　　　　375 Passaic Avenue, Suite 100
　　　　　　　　　　　　　　　　Fairfield, New Jersey 07004
　　　　　　　　　　　　　　　　(973) 227-5900 telephone
　　　　　　　　　　　　　　　　(973) 244-0019 facsimile
　　　　　　　　　　　　　　　　jkj@legaljones.com

*s/ Benjamin J. Wolf*
Benjamin J. Wolf, Esq. (BW3338)
Law Offices of Joseph K. Jones, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
bwolf@legaljones.com

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

### CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: October 23, 2014

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# EXHIBIT A

PERSONAL & CONFIDENTIAL

 **IC System**

444 Highway 96 East, PO Box 64378
St. Paul, MN 55164-0378

August 30, 2014

Toll-Free No: 866-379-7846

Dear John Cutola:

Your delinquent account has been turned over to this collection agency.

You are hereby notified that I.C. System will forward the account information to the national credit reporting agencies in your creditors name if you fail to fulfill the terms of your credit obligations. Of course, you will have the right then, as you do now, to inspect your credit file in accordance with federal law. I.C. System will not submit the account information to the national credit reporting agencies until the expiration of the time period described in the notice below.

Tear off the bottom portion of this letter and return it with your payment.

The balance shown is the amount due as of the date of this letter. This amount may change due to interest or other charges that may be added to the account after the date of this letter.

Sincerely,

*Beth Brown*

Beth Brown
Manager

ACCREDITED BUSINESS — I.C. System has a Better Business Bureau Rating of A+

ACA INTERNATIONAL

We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

### NOTICE

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Telephone calls to or from our General Office may be monitored and recorded.

**ACCOUNT SUMMARY**

Sprint
Account No:
I.C. System Reference No:

| | |
|---|---|
| Principal Due: | $845.72 |
| **BALANCE DUE:** | **$845.72** |

$.00 has been Paid Since Placement

0510 - System -                   ICSystem.WFD -

**PAYMENT OPTIONS**

 Free online payment at:
www.yourpayment.com
Reference No:

 Scan this code with your smartphone to pay your bill online.

 Call us: 866-379-7846

 Mail payment in enclosed envelope.

 **WESTERN UNION** Code City: ICS
Code State: MN

 **MoneyGram** *eMoney Transfer* Receive Code: 1917

---

➤ Make check or money order payable to
I.C. System, Inc.

➤ Billing Phone Number: _____

➤ E-Mail Address: _____

To Pay by credit card, please complete this section

| CARD NUMBER | 3 Digit Code | EXP. DATE |
|---|---|---|
| | | |
| SIGNATURE | AMOUNT | |

VISA ☐   MasterCard ☐   DISCOVER ☐

I.C. System, Inc.
P.O. Box 64437
St. Paul, MN 55164-0437

46 83 00014065
440675

➤ Address Changed? Make Changes Below

John Cutola
700 2nd St
Secaucus, NJ 07094-3132

I.C. System, Inc.
PO Box 64378
Saint Paul, MN 55164-0378

➤ Pay to ➤

# EXHIBIT B



Home

**Welcome to
YourPayment.com**

Please use this tool to
submit payments to I.C.
System.

[ Security ][ Privacy ]

## Account Information

| | |
|---|---|
| Reference Number | ████████ |
| Original Balance | $845.72 |
| Paid To Date | $0.00 |
| Pending Payments | $0.00 |
| Current Balance | $631.60 |

**Please select a payment option:**

⦿ **Pay by Credit Card**
○ **Pay by Check**

Next   Cancel

Copyright © 2014 I C System | All Rights Reserved